BARRY, Judge,
concurring.
While agreeing with the result, I want to clarify the distinction between impeachment and exculpatory matters and the relevance of each to the present case.
The majority states:
Yet, the defense did not bring to the court’s attention prior to trial the fact that the State had this statement in its possession and did not produce it pursuant to the request made in the bill of particulars.
The defense requested exculpatory material in the bill of particulars to which he was entitled. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Prior to trial the prosecution told the defense that Ms. Taylor would be impeached by a prior inconsistent statement she had given to the police. At this point and until the statement was actually used, the defense had no knowledge of the exculpatory nature of the statement. Thus, the defense had absolutely no justification to ask, prior to trial, for the statement. It was not until the exculpatory nature of the statement was apparent that the defense was in a posture to move for production of the statement.
Nonetheless, I am satisfied the District Attorney’s conduct was not intended to *1365 “goad” the defendant into requesting a mistrial. I see no double jeopardy bar to the second trial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).